UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GIBSON,

        Movant,

                                        File No.  1:04-CV-521

v.

                                        HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
                                  /

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant David Gibson's motion for reconsideration of the Court's March 3, 2005 Opinion and Order denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Gibson also requests a certificate of appealability.  Because Movant has failed to demonstrate a "palpable defect" by which the Court was mislead and "that a different disposition of the case must result from a correction thereof," W.D. Mich. LCivR 7.4(a), and because he has not made a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), his motion for reconsideration and his request for a certificate of appealability are denied.

I.

In the March 3, 2005 Opinion, the Court held that Movant's § 2255 motion failed for a variety of reasons.  First, Movant did not file a direct appeal and was thus procedurally barred from asserting his claims on collateral review.  *Gibson v. United States*, 1:04-CV-521,

March 3, 2005 Opinion at 2-3 (W.D. Mich. 2002). The Court also held that Movant failed to timely file his motion within the one-year limitation period provided in § 2255 ¶ 6. *Id.* at 3. The Court evaluated Gibson's motion under both § 2255 ¶ 6(1) and (3), concluding that he was not within any applicable limitation period. *Id.* at 8. Finally, the Court also held that *United States v. Booker*, 125 S. Ct. 738 (2005) was not retroactively applicable to cases, such as Movant's, on collateral review. *Id.* at 4-8.

In the current motion for reconsideration, Movant, at best, presents a recharacterization of the arguments he made in his original motion.[1] The Court has reviewed Movant's motion for reconsideration and finds that the issues raised have been adequately addressed in the previous opinion. Further, Movant has failed to present any reason that would require reconsideration of the Court's previous decision. *See* W.D. Mich. LCivR 7.4(a).

Although Movant attempts to premise his claim upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), at the time of his sentence the governing law in this circuit was that *Apprendi* did not apply to the federal Sentencing Guideline calculations. *See, e.g.*, *United*

---

[1] In an attempt to circumvent the procedural bar raised by his failure to appeal, Movant recharacterizes his argument as a challenge to the Court's jurisdiction to impose a sentence based upon facts not found by a jury beyond a reasonable doubt. This attempt is unavailing. While the Supreme Court has recently held that such a claim is in violation of the Sixth Amendment, this claim does not implicate the jurisdiction of the Court. *See, e.g., Goode v. United States*, 305 F.3d 378, 386 (6th Cir. 2002) (holding that an *Apprendi* claim is not jurisdictional); *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1063 (8th Cir. 2002) (same); *United States v. Davis*, 348 F. Supp.2d 964, 967 (N.D. Ind. 2004) ("that *Blakely* may mean that the court committed a sentencing error does not mean that the court lacked jurisdiction.").

*States v. Lawrence*, 308 F.3d 623, 634 (6th Cir. 2002); *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001).  It was not until earlier this year that the right to have a jury decide beyond a reasonable doubt factors that increase a sentence (other than prior conviction) under the federal Sentencing Guidelines was recognized by the Supreme Court.  *See Booker*, 125 S. Ct. at 756.  Moreover, the Sixth Circuit, along with every circuit to consider the issue, has determined that *Booker* is a "new rule" of criminal procedure that is not applicable to cases on collateral review.  *See Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  Consequently, Movant's motion for reconsideration is denied.

The Court now turns to Movant's request for a certificate of appealability.  Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Movant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Id*. at

467. Consequently, this Court has examined each of Movant's claims under the *Slack* standard.

Under *Slack*, to warrant a grant of a certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that the Court's denial of each of Movant's claims was debatable or wrong. Thus, Movant has not made a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court will deny Movant a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion for reconsideration (Docket #13) is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's request for a certificate of appealability is **DENIED**.

Date:   August 19, 2005           /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE